## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.,<br><br>*Plaintiff*,<br><br>v.<br><br>PARUS HOLDINGS, INC.,<br><br>*Defendant.* | C.A. No. _____ |

## COMPLAINT AND JURY DEMAND

Plaintiff Mintz Levin Cohn Ferris Glovsky and Popeo, P.C. ("Mintz") alleges claims against Defendant Parus Holdings, Inc. ("Parus" or "Defendant") for breach of contract, quantum meruit and violation of Mass. Gen. Laws Chapter 93A.

### INTRODUCTION

1. Defendant Parus engaged Mintz to perform legal services in connection with a program to monetize the value of Defendant's patent portfolio and obtain licensing fees and other recoveries from large multinational entities who were infringing those patents and depriving Parus of its patent rights. Mintz performed those requested services, as a result of which Parus was successful in obtaining millions of dollars of recovery. Despite the clear provisions of the Engagement Letter executed by Parus outlining in detail the fees to which Mintz would be entitled, including a delineated success fee, Parus has intentionally failed to pay the mandatory success fee to Mintz. Instead, Parus is improperly using its impermissible withholding of fees indisputably earned and due to be paid to Mintz as leverage to obtain a benefit for itself in a dispute with Mintz over other services provided by Mintz under the Engagement Letter. Accordingly, Mintz brings this action for breach of contract, quantum meruit and violation of Mass. Gen. Laws Chapter 93A.

**PARTIES**

2.     Plaintiff Mintz is a Massachusetts-based law firm and professional corporation organized under the laws of the Commonwealth of Massachusetts with headquarters located at One Financial Center, Boston, MA 02111.

3.     Defendant Parus is a Delaware corporation recently headquartered in Austin, Texas. Until 2022, during much of the time relevant to this matter, Parus was headquartered in Illinois.

**JURISDICTION AND VENUE**

4.     Subject-matter jurisdiction is proper under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

5.     This Court has specific personal jurisdiction over Parus because: Defendant selected a Massachusetts-based law firm to provide legal services to it; Defendant executed and returned to Massachusetts an Engagement Letter for the provision of legal services by Mintz's Massachusetts office and attorneys and other professionals in that office; those services were provided in Massachusetts by attorneys resident in Massachusetts; Defendant sent payment for those services into Massachusetts; Defendant had numerous telephonic and Zoom communications with Mintz attorneys and staff in Massachusetts and sent extensive written materials and communications to Mintz attorneys and staff in Massachusetts all so that the Mintz attorneys and other professionals in Massachusetts could perform their work and provide their services in Massachusetts; the documents and other records relating to the provision of services were prepared in Massachusetts and those documents and records and the files relating to such services were and are kept in Massachusetts; and Defendant expressly agreed by executing the Engagement Letter that the performance of Mintz's services are to be governed under the laws of the

Commonwealth of Massachusetts. Mintz's causes of action arise out of and are related to Defendant's contacts with the Commonwealth of Massachusetts pursuant to the Engagement Letter.

6. Venue is proper under 28 U.S.C. § 1391(b)(2) because, among other things, a substantial part of the events or omissions giving rise to the claims occurred in this district.

**FACTS**

7. On or about July 19, 2019, Defendant executed and sent to Mintz's office in Massachusetts an Engagement Letter engaging Mintz to provide certain legal services, replacing an earlier engagement letter. The Engagement Letter listed three Mintz Boston office attorneys who would be primarily responsible for the provision of legal services.

8. The Engagement Letter formalized a certain "Monetization Program" for Parus whereby Mintz would provide services to evaluate, license and monetize through negotiation with and litigation against parties, generally large multinational corporations, allegedly infringing on a certain patent portfolio of Parus concerning its voice recognition software consisting of thirteen patents identified by Defendant and attached to the Engagement Letter.

9. Pursuant to the Engagement Letter, Mintz's attorneys and professionals in the Boston office evaluated the listed patents to determine whether certain very large "target" companies had infringed on the patents and determine whether and when to commence infringement actions against the targets in federal district court.

10. Pursuant to the Engagement Letter, Mintz commenced a number of infringement actions on behalf of Parus against certain target companies.

11. Pursuant to the Engagement Letter, if a target who had been sued for patent infringement filed a petition for *inter partes* review, Mintz represented Parus in response to such

3

petitions, for no additional compensation beyond the fees, disbursements and expenses otherwise specified in the Engagement Letter.

12. The compensation arrangement was spelled out in great detail in the Engagement Letter signed by Defendant. Pursuant to the Engagement Letter, Parus agreed to make payments to Mintz in Boston for its attorney's fees and disbursements incurred in connection with the prosecution of the infringement actions and the *inter partes* reviews up to certain caps specified in the Engagement Letter for such services.

13. Pursuant to the Engagement Letter, Parus agreed to provide litigation funding (either itself or with or by third parties) at least at certain minimums specified in the Engagement Letter with which to pay Mintz's litigation fees and disbursements. Defendant further agreed that from any recoveries obtained following the firm's efforts, Parus would first pay the litigation funder (which, it turned out, was itself) 1.50 times the amount of litigation funding (the so-called "Funding Source Hurdle" or "Lender Preference"). Thereafter, and in return for Mintz agreeing to accept a discounted hourly fee for its legal services, Parus agreed it would pay Mintz a success fee. The success fee was to be an amount equal to 40% of the total recovery less the amount of the Funding Source Hurdle. The funder (again, Parus itself as it turned out) would receive a "backend payment" equal to 20% of the recovery less the Funding Source Hurdle. Parus would retain the remaining recovery amount.

14. As a result of Mintz's efforts undertaken on behalf of Parus pursuant to the Engagement Letter, Parus obtained a total recovery from targets equal to $11,500,000.

15. The total litigation funding amount for fees and disbursements provided by Parus was $4,074,085. Multiplying the latter amount by the 1.50 multiplier, the total Funding Source Hurdle was $6,111,128, leaving a difference of $5,388,872 between the total recovery and the

Funding Source Hurdle. Pursuant to the Engagement Letter, Mintz was therefore entitled to a payment of 40% of that amount, or $2,155,549, as a success fee.

16. In connection with one of the patent infringement actions commenced by Mintz against a target company on behalf of Parus pursuant to the Engagement Letter, involving the so-called '431 Patent, Parus has stated that Mintz failed to properly handle an *inter partes* petition filed by a target company, which assertion Mintz strongly denies. Parus has refused to pay the separate success fee as set forth in paragraph 15 above despite Mintz's clear entitlement to that fee under the terms of the Engagement Letter, and despite the fact that in consideration for Defendant's promise to pay the success fee, Mintz had afforded Parus—and Parus received—a discounted hourly rate on Mintz's fees for services rendered.

17. Instead, Parus is using its non-payment of the fee owed to Mintz under the Engagement Letter as improper leverage in its dispute with Mintz over the handling of the said '431 *inter partes* petition.

18. Parus and Mintz have executed a tolling agreement, which provides in pertinent part as follows:

> The Firm [Mintz] acted as legal counsel to Parus in the evaluation, licensing, and monetization of certain patents owned by Parus in accordance with the Engagement Letter between the Parties dated July 19, 2019….The Company has raised the possibility that it may have certain claims with respect to the Firm's representation of Parus under the 2019 Engagement. The Firm has raised the possibility that it may have certain claims with respect to fees owed to it under the 2019 Engagement and otherwise under legal principles applicable to rendering of legal services….[The statute of limitations is tolled as to claims] brought by either Party against the other arising from the Firm's representation of Parus under the 2019 Engagement.

19. Mintz's entitlement to fees of $2,155,549 is plainly established in the Engagement Letter executed by Parus. Defendant has no right to withhold fees clearly due to Mintz for legal

services provided to Parus under the terms of the Engagement Letter and for which a recovery was obtained.

## COUNT I
## Breach of Contract

20.     Mintz realleges and incorporates by reference the allegations contained in paragraphs 1 through 19 of this Complaint as though fully set forth herein.

21.     By failing to pay to Mintz the fee amount of $2,155,549 as required by the terms of the Engagement Letter, Parus is in breach of its written contract with Mintz.

22.     Mintz has demanded payment of said amount due to it under the terms of the Engagement Letter, plus interest, but Defendant has refused to pay the $2,155,549 together with interest that is due.

23.     Accordingly, Parus is liable to Mintz for breach of contract in the amount of Two Million, One Hundred Fifty-Five Thousand, Five Hundred and Forty-Nine Dollars, plus interest at the statutory rate.

## COUNT II
## Quantum Meruit

24.     Mintz realleges and incorporates by reference the allegations contained in paragraphs 1 through 19 of this Complaint as though fully set forth herein.

25.     As a result of the legal services performed by Mintz on behalf of Parus, Mintz conferred millions of dollars of benefit upon Defendant with the reasonable expectation of compensation from Parus in the form of a percentage of the recovery obtained by Parus, and Parus accepted the benefit of Mintz's services with knowledge of Mintz's reasonable expectation of such compensation.

26.     As a direct and proximate result, Mintz has suffered damages in an amount to be determined at trial and demands judgment against Parus for all such damages.

## COUNT III
## Violation of Mass. Gen. Laws Chapter 93A

27. Mintz realleges and incorporates by reference the allegations of paragraphs 1 through 26 of this Complaint as though fully set forth herein.

28. After executing an Engagement Letter and soliciting Mintz to perform extensive legal services on its behalf and obtaining millions of dollars of recoveries following those services, Defendant has intentionally failed to pay the fees which it expressly agreed to pay and to which Mintz is clearly entitled, all without justification and in bad faith for the purpose of leveraging that non-payment in a dispute over other services performed by Mintz under the Engagement Letter and thereby to obtain a benefit for itself to which it is not entitled. The substance of that dispute is unfounded and in any event does not in any way limit the amount of recoveries which Parus has already obtained or diminish the success fee Mintz is entitled to receive on those recoveries.

29. These deliberate and bad faith acts and omissions by Defendant constitute unfair and deceptive acts and practices in violation of Mass. Gen. Laws Chapter 93A, section 11, and have caused damage to Mintz in the amount of at least $2,155,549, plus interest, which amount should be trebled and awarded to Mintz, along with its reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Mintz respectfully requests that this Court enter judgment in its favor and against Defendant Parus as follows:

A. Award contract damages in favor of Mintz in the amount of $2,155,549, plus interest.

B. In the alternative, award damages in quantum meruit in favor of Mintz, plus interest.

    C.    Award damages in favor of Mintz in the amount of $2,155,549 for Defendant's violation of Mass. Gen. Laws Chapter 93A, section 11, which amount should be trebled.

    D.    Award Mintz its costs and expenses, including its reasonable attorney's fees.

    E.    Award such other and further relief as the Court deems just and proper.

## **REQUEST FOR JURY TRIAL**

Plaintiff respectfully requests a trial by jury on all claims and issues so triable.

Dated: October 17, 2025                        MINTZ LEVIN COHN FERRIS
                                                       GLOVSKY AND POPEO, P.C.

*/s/ Michael Gardener*
Mintz Levin Cohn Ferris Glovsky and Popeo, P.C.
Michael Gardener, BBO#185040
Molly A. Mugford, BBO#709514
One Financial Center
Boston, MA  02111
Telephone:   (617) 542-6000
Facsimile:    (617) 542-2241
Email: msgardener@mintz.com

*Attorneys for Plaintiff*